USCA1 Opinion

 

 [NOT FOR PUBLICATION] United States Court of Appeals For the First Circuit ____________________ No. 97-1022 UNITED STATES, Appellee, v. PAUL D. ALLEN, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Coffin, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge.  _____________ _____________________ R. Scott Miller, Jr., by appointment of the Court, for ______________________ appellant. Jeanne M. Kempthorne, Assistant United States Attorney, with ____________________ whom Donald K. Stern, United States Attorney, was on brief for ________________ appellee. ____________________ September 18, 1997 ____________________ Per Curiam. Paul Allen appeals the enhancement to his Per Curiam. __________ sentence following his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1). The district court entered a judgment against appellant pursuant to a plea agreement in which appellant pled guilty to violating section 922(g)(1) and "acknowledge[d] that the provisions of the Armed Career Criminal Act, 18 U.S.C. 924(e) ('ACCA'), apply to this case." Accordingly, the district court sentenced appellant to 212 months, which amount includes a sentence enhancement under the ACCA. We find this sentence enhancement proper. The ACCA applies when a person who violates section 922(g) has three previous convictions for a violent felony or a serious drug offense. While the presentence report, which the district court adopted, improperly characterized the qualifying crimes under the ACCA as "crimes of violence" rather than "violent felon[ies]," appellant's earlier admission that he was subject to an enhancement under the provisions of the ACCA constitutes an admission that his previous convictions meet the Act's definitions of "violent felony" or "serious drug offense." Because appellant has made this admission, he cannot now claim that the provisions of the ACCA do not apply to him. We also note in passing that all five of appellant's previous criminal convictions, considered qualifying prior felonies in the presentencereport, meetthe statutorydefinitionof "violentfelony." Affirmed. Affirmed. ________ -2-